IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

MAURICE M. JOHNSON,           )
                              )
        Plaintiff,            )
                              )
                              )    CIV-14-1362-R
v.                            )
                              )
RICHARD STEPHENS, et al.,     )
                              )
        Defendants.           )

REPORT AND RECOMMENDATION

Plaintiff is a federal pretrial detainee who appears *pro se* and *in forma pauperis.* On December 9, 2014, Plaintiff filed this civil action pursuant to 42 U.S.C. § 1983. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). For the following reasons, it is recommended that Plaintiff's cause of action be dismissed without prejudice pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B) for failure to state a claim upon which relief may be granted.[1]

I. Background

Taking judicial notice of the Court's own records, Plaintiff is being detained in the

---

[1] Because of deficiencies in the Complaint, Plaintiff was directed by Order entered January 15, 2015, to file an amended complaint in order to cure those deficiencies on or before February 15, 2015. To this date, Plaintiff has not complied with the Court's Order by filing an amended complaint. Because the time allowed Plaintiff for filing an amended complaint has expired, the Court may determine the merits of the Complaint at this time under 28 U.S.C. §§ 1915A and 1915(e).

1

custody of the United States Marshals Service pursuant to an order of detention entered in the federal criminal case pending against him in this Court, United States v. Johnson, CR-14-342-C. The record in his criminal case reflects that Plaintiff was arraigned on multiple criminal charges on December 15, 2014, before United States Magistrate Judge Erwin. On January 30, 2015, Plaintiff appeared in court with his counsel and entered a guilty plea to count one of a superseding information filed in the case charging him with sex trafficking of a minor.

Following the plea proceeding, Plaintiff was remanded to the custody of the United States Marshal under the previously-entered detention order. His sentencing is set for May 5, 2015, before United States District Judge Cauthron.

II. Complaint and Accompanying Statement of "Supporting Fact[s]"

In his Complaint filed December 9, 2014, Plaintiff alleges he is being detained in the Logan County Jail. He names as Defendants Mr. Stephens, who is identified as the Deputy Sheriff in Logan County, and Mr. Bauman (incorrectly spelled "Boaman" in the Complaint), who is identified as the Sheriff in Logan County.[2] Additionally, in the style of the case, Plaintiff names as Defendants the Logan County Jail, the "Unit [sic] Attorney General" for the Western District of Oklahoma, presumably the United States Attorney for the Western District of Oklahoma, and the "U.S. Marshal" in the Western District of Oklahoma as Defendants.

---

[2]http://www.logancountyok.com/Sheriff.php.

Plaintiff alleges in the Complaint that he has suffered "medical neglect" in counts one and two, and his only allegation in count three is the phrase "unlicencing [sic] medical staff." Complaint, at 3-4. As the only background provided in the Complaint for these claims, Plaintiff alleges that he needed narcotic medication and access to a doctor for treatment of a several-months-old shotgun wound and that he "had to remove a bullet from my chest." Complaint, at 2.

In an accompanying statement of "Supporting Fact[s]," Plaintiff asserts in July 2014 he received medical treatment at a hospital for "gun shot wounds" he received on June 9, 2014. During booking at the Logan County Jail on November 5, 2014, Plaintiff asserts that he advised an unidentified "staff" member of his "condition" and that he requested to see a doctor for pain he was experiencing from his "gun shot wounds." Plaintiff asserts that he was evaluated by "the nurse" at the jail four or five days later and she informed him she would speak with the doctor.

Plaintiff alleges he "continue[d] to harass the staff, informing them that he needed to see someone about his gun shot wound." Plaintiff alleges he was "force[d] to endure extrem[e] pain without any narcotic" medication. Plaintiff alleges that his "gun shot wounds" "re-open[ed]" and began to bleed on November 17th, 2014, causing him "constant pain." Plaintiff admits he received bandages and antibiotic ointment for the wounds from jail staff.

Plaintiff alleges that on November 26, 2014, he advised unidentified "staff" at the jail that he was in extreme pain and that he was told by unidentified "staff" that the physician

3

who treated detainees at the jail was not available. Plaintiff asserts that he requested that the staff member "get me some gauge [sic]" and that he then "pull[ed] a 25 calibur [sic] slug from his chest" while "staff member[s] Fleetwood, Campbell, and Parmona watch[ed]." He alleges that an unidentified staff member helped him "patch up the open wound." He alleges he has not seen a doctor at the jail.

Plaintiff further alleges in the accompanying statement of "Supporting Fact[s]" that staff members at the jail are dispensing medications after the "register[ed] nurse" at the jail leaves before 9:00 p.m. each evening. As relief, Plaintiff seeks only an unspecified amount of monetary damages.

III. Statutory Screening of the Complaint

A federal district court must review complaints filed by prisoners or detainees seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The same screening of a civil complaint filed *in forma pauperis* is required by 28 U.S.C. § 1915(e)(2). After conducting an initial review, the court must dismiss a complaint or any portion of it presenting claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b), 1915(e)(2)(B).

In conducting this review, the reviewing court must accept the plaintiff's allegations as true and construe them, and any reasonable inferences to be drawn from the allegations, in the light most favorable to the plaintiff. Kay v. Bemis, 500 F.3d 1214, 1217 (10th Cir. 2007). Although a *pro se* litigant's pleadings are liberally construed, Haines v. Kerner, 404

4

U.S. 519, 520 (1972), "[t]he burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." Robbins v. Oklahoma, 519 F.3d 1242, 1247-1248 (10th Cir. 2008)(quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)).

The allegations in a complaint must present "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. Further, a claim is frivolous "where it lacks an arguable basis either in law or in fact" or is "based on an indisputably meritless legal theory." Neitzke v. Williams, 490 U.S. 319, 325, 327 (1989).

IV. Color of Law and Sovereign Immunity

In his Complaint, Plaintiff names five Defendants. Apparently because of his status as a federal pretrial detainee, Plaintiff names the "Unit [sic] Attorney General" for the Western District of Oklahoma, presumably the United States Attorney for the Western District of Oklahoma, and the "U.S. Marshal" for the Western District of Oklahoma.

In order to obtain relief under 42 U.S.C. § 1983, a plaintiff must show that each named defendant was "acting under color of" Oklahoma law at the time of the alleged deprivations for which the plaintiff seeks damages. Conn v. Gabbert, 526 U.S. 286, 290 (1999); West v. Atkins, 487 U.S. 42, 48 (1988).

"[A] public employee acts under color of state law while acting in his [or her] official capacity or while exercising his [or her] responsibilities pursuant to state law." West, 487 U.S. at 50. However, Defendants United States Attorney and U.S. Marshal are not state government officials, and Plaintiff has not stated a plausible claim under 42 U.S.C. § 1983

5

against these two Defendants.

Even assuming that Plaintiff has brought a claim under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), against the two federal government officials, he has not alleged any personal involvement by the federal officials. Thus, even generously construing the allegations in the Complaint, Plaintiff has sued these Defendants solely in their official capacities.

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." FDIC v. Meyer, 510 U.S. 471, 475 (1994). See United States v. Mitchell, 463 U.S. 206, 212 (1983)("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction."). This sovereign immunity extends to federal governmental officials sued in their official capacities. See Farmer v. Perrill, 275 F.3d 958, 963 (10th Cir. 2001) (finding that an official-capacity claim "contradicts the very nature of a Bivens action. There is no such animal as a Bivens suit against a public official tortfeasor in his or her official capacity"). Thus, Plaintiff has not stated a viable claim for relief under Bivens, supra, against Defendants United States Attorney and U.S. Marshal, and Plaintiff's cause of action against these Defendants should be dismissed pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B) for failure to state a claim upon which relief may be granted.

V. County Jail Is Not Suable Entity

Plaintiff has also named as a Defendant in the caption of the Complaint the Logan County Jail. Fed. R. Civ. P. 17(b) provides that the law of the state in which the district

court is located determines the capacity of a governmental entity to sue or to be sued. In Oklahoma, each organized county has the capacity to sue or be sued, and a lawsuit brought against a county in Oklahoma must be filed against the Board of County Commissioners for the particular county. Okla. Stat. tit. 19, §§ 1, 3, 4. A county jail in Oklahoma, which operates as a subdivision of the county in which it is located, has no separate legal identity under Oklahoma law, and therefore Defendant Logan County Jail cannot be sued in this Court. See Aston v. Cunningham, 2000 WL 796086, * 4 n. 3 (10th Cir. June 21, 2000)(unpublished op.)("Dismissal against [Salt Lake County jail] was also required because a detention facility is not a person or legally created entity capable of being sued."). Thus, Plaintiff has not stated a plausible claim under 42 U.S.C. § 1983 against Defendant Logan County Jail, and his cause of action against Defendant Logan County Jail should be dismissed pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B) for failure to state a claim upon which relief may be granted.

VI. Eleventh Amendment Immunity

The final two Defendants named in Plaintiff's Complaint are Defendant Stephens and Bauman. Plaintiff has not alleged that any actions were taken by these Defendants during his detention in the Logan County Jail. Even generously construing the allegations in the Complaint, Plaintiff has asserted claims under 42 U.S.C. § 1983 against these Defendant solely in their supervisory capacities.

"Section 1983 does not authorize liability under a theory of respondeat superior." Brown v. Montoya, 662 F.3d 1152, 1164 (10th Cir. 2011). See Monell v. Dep't of Social

Serv., 436 U.S. 658, 691-695 (1978)(supervisor cannot be held liable under §1983 solely on a *respondeat superior* basis). Thus, "each Government official, his or her title notwithstanding, is only liable for his or her own misconduct," not the conduct of individuals being supervised. Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009). See Fogarty v. Gallegos, 523 F.3d 1147, 1162 (10th Cir. 2008)("Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation.")(internal quotations omitted). "The plaintiff therefore must show an 'affirmative link' between the supervisor and the constitutional violation." Schneider v. City of Grand Junction Police Dep't, 717 F.3d 760, 767 (10th Cir. 2013).

To sufficiently allege the personal involvement of a supervisor, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 556 U.S. at 676. The plaintiff must also "show that the defendant's alleged action(s) caused the constitutional violation." Schneider, 717 F.3d at 768. See Wilson v. Montano, 715 F.3d 847, 858 (10th Cir. 2013)("To establish a violation of §1983 by a defendant-supervisor, the plaintiff must establish, at a minimum, a deliberate and intentional act on the part of the supervisor to violate the plaintiff's legal rights."); Barney v. Pulsipher, 143 F.3d 1299, 1310 (10th Cir.1998)("It is not enough to establish that the official should have known of the risk of harm.").

Plaintiff alleges in grounds one and two of the Complaint that the jail's staff did not provide him access to a doctor for treatment of his "gun shot wounds" that he received several months before he entered the jail and that he was not provided "narcotic medication"

8

for pain associated with his several-months-old "gun shot wounds." Plaintiff alleges in ground three of the Complaint that the jail's staff dispensed medications rather than medical professionals.

Plaintiff's allegations fail to state a claim for relief against Defendants Stephens and Bauman because Plaintiff has not alleged facts sufficient to show that either Defendant Stephens or Defendant Bauman was personally involved in or even had any awareness of the alleged denial of access to a physician. Nor has Plaintiff established a nonfrivolous claim concerning the alleged denial of access to a physician and the alleged denial of narcotic pain medication for a several-months-old "gun shot wound" that "re-opened" in light of his admission that the wound was examined and treated by a nurse at the jail, or the alleged dispensation of medications at the jail by jail staff rather than by medical professionals.

Therefore, Plaintiff has failed to state a plausible claim for relief under 42 U.S.C. §1983 against Defendant Stephens or Defendant Bauman, and his cause of action against Defendants Stephens and Bauman should be dismissed pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B) for failure to state a claim upon which relief may be granted.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that Plaintiff's cause of action be DISMISSED without prejudice as to all Defendants pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B) for failure to state a claim upon which relief may be granted.. It is further recommended that the dismissal of this cause of action count as one "prior occasion" or "strike" pursuant to 28 U.S.C. § 1915(g). See Hafed v. Fed. Bureau of Prisons, 635 F.3d

1172, 1176, 1177 (10th Cir. 2011)("When an action or appeal is dismissed as frivolous, malicious, or for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B), the dismissal counts as a strike" and "a dismissal under [28 U.S.C. ] § 1915A counts as a strike when the action was dismissed as frivolous, malicious, or for failure to state a claim . . . .").

Plaintiff is advised of the right to file an objection to this Report and Recommendation with the Clerk of this Court by     March 17th    , 2015, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this   25th   day of    February   , 2015.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE